UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **AHMED YOUSSEF,** | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | Judge: |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

NOW COMES Plaintiff, Ahmed Youssef ("Youssef"), by and through its attorneys, Cole Sadkin, LLC, and propounds his Verified Complaint against Defendant Uber Technologies, Inc. ("Uber"), a Delaware corporation with a principal place of business in Chicago, Illinois, hereby states as follows.

### JURISDICTION AND VENUE

1. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00).

2. The Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff is a resident of Indiana, and Defendant is incorporated in the state of Delaware with a principal place of business in Illinois located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

3. Venue is proper in the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Cook County.

**PARTIES**

4. Plaintiff, Ahmed Youssef, is an individual residing in Cook County, Illinois. Plaintiff resides at 1245 Willow Lane Schererville, Indiana 46375.

5. Defendant, Uber Technologies, Inc., is incorporated in the state of Delaware and has a principal place of business at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604 (the "Chicago Office"). Dara Khosrowshahi is listed as registered agent, located at the Chicago Office.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Defendants pursuant to 735 ILCS 5/2-209(a)(1)(7) because the Defendants are all located in Cook County, Illinois.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because the cause of action arises out of events that took place in Cook County.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

8. In early 2018, Youssef entered into an independent contractor agreement ("Uber Agreement") with Uber to perform work as a driver.

9. Under the Uber Agreement, Youssef performed in excess of eight thousand (8,000) passenger rides utilizing the Uber application platform.

10. Shortly after Youssef entered into the Uber Agreement, Youssef requested information from Uber regarding how to transition from Uber X to Uber Black. Youssef intending to switch from Uber X to Uber Black to recoup larger returns on passenger rides.

11. Shortly thereafter, Uber notified Youssef that he needed to apply and interview with Uber to become an Uber Black driver. Furthermore, Youssef purchased a Lincoln Navigator for approximately seventy-five thousand dollars ($75,000).

12. Subsequently, Youssef was approved to be a Uber Black driver.

13. While driving Uber X in 2018, Youssef earned approximately seventy-five thousand dollars ($75,000) annually.

14. It is estimated that Youssef could have earned in excess of one hundred and twenty-five thousand dollars ($125,000) annually through the Uber Black application platform.

**YOUSSEF'S PEACEFUL PROTEST**

15. In October 2018 Youssef partook in the peaceful protests of Uber in Chicago, Illinois.

16. Youssef was supporting other independent contractors in the industry who were under review by Mayor Lori Lightfoot and her Chicago administration regarding Uber drivers' status as independent contractors and their limited pay in light of Uber's revenue.

17. Youssef was photographed while participating in the peaceful protest which was published in the Chicago Tribune on October 31, 2018. *See* Chicago Tribune October 31, 2018, article Too many Uber drivers? Chicago cabbies and ride-share workers join forces, urge cap on Uber and Lyft Cars attached hereto as, **Exhibit 1**.

**YOUSSEF'S TERMINATION FROM UBER**

18. On or about December 2018, Youssef was terminated from the Uber X platform without notice or explanation.

19. On or about April 2019, Youssef was terminated from the Uber Black platform without notice or explanation.

20. After not receiving notice or explanation from Uber regarding the termination from the Uber X and Uber Black platforms Yousef requested such information.

21. In order to justify the terminations, Uber responded to Youssef and stated he

committed "irregular trips associated with fraudulent activities" which were against Uber's policies. *See* Uber correspondences collectively attached hereto as, **Exhibit 2**.

22. Uber stated that Youssef committed improper usage of the Uber platforms by "using your rider and driver account at the same time, creating duplicate accounts, accepting trips without the intention of completing them, claiming false fees or charges, the installation, and use of software which has the intention or effect of manipulating the Driver App and trip details." *Id*.

23. At no time has Uber provided Youssef with any support of the allegations previously cited.

24. At all times Youssef has denied the cited improper activities and vehemently denies the allegations.

### COUNT I – VIOLATION OF FIRST AMENDMENT RIGHT

25. Plaintiff restates and reasserts Paragraph 1 through 24 as if fully set forth herein.

26. Youssef was participating in the peaceful protest on his own personal time and not billed company time.

27. Youssef's involvement was considered that of a private citizen speaking on a matter which concerned the public.

28. Youssef was photographed while participating in the peaceful protest. His photograph was published in the previously identified Chicago Tribune article.

29. On information and belief, Youssef was terminated from Uber solely based on his participation in the peaceful protest pursuant to his First Amendment right as a private citizen.

30. On information and belief, Uber's termination of Youssef was in retaliation for his participation in the peaceful protest.

**COUNT II – Breach of the Employment Agreement**

31. Plaintiff restates and reasserts Paragraphs 1 through 23 as if fully set forth herein.

32. In early 2018, Youssef entered into an employment agreement with Uber to be a Uber X driver.

33. Shortly after entering into an agreement to be an Uber X drive, Youssef entered into a second employment agreement with Uber to be a Uber Black driver.

34. Youssef purchased a Lincoln Navigator to perform his services described in the second employment agreement as a Uber Black driver. He purchased the Lincoln Navigator for seventy-five thousand dollars ($75,000.00).

35. On or about December 2018 Youssef was terminated from the Uber X platform pursuant to the first employment agreement with Uber in retaliation to Youssef's participation in the peaceful protest.

36. On or about April 2019, Youssef was terminated from the Uber Black platform pursuant to the second employment agreement with Uber in retaliation to Youssef's participation in the peaceful protest.

37. Youssef has been approximately damaged two hundred thousand dollars ($200,000.00) in lost earnings due to Uber's breach of the first and second employment agreement.

38. There are amounts due as to reimbursement for expenses and loans as well as possible taxes that may be owed related to the Property.

39. All books of accounting or records concerning the income and expenses are in the possession of Defendants, and they have refused to produce the same or allow any such documents to be reviewed.

**PRAYER FOR RELIEF**

As a proximate result of the foregoing facts, Plaintiff has suffered loss of past and future wages and bonuses, the value of lost past and future benefits, and incidental damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.  Grant Plaintiff a permanent injunction enjoining Defendant Uber, its agents, successors, employees, attorneys, and those acting in concert with Defendant and at Defendant's request, from continuing to violate the First Amendment;

B.  Grant Plaintiff compensatory damages, including damages for reliance on the employment agreement with Uber by his purchase of the Lincoln Navigator;

C.  Grant Plaintiff all lost wages, past and future, to which he is entitled;

D.  Grant Plaintiff punitive damages in an amount to be determined at trial; and

E.  Grant Plaintiff such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorneys' fees, and interest.

**DEMAND FOR TRIAL BY JURY**

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Dated: December 11, 2019        By:     /s/ Mason S. Cole_____
                                        Mason S. Cole

Cole Sadkin, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 548-8610
mcole@colesadkin.com
*Counsel for Plaintiff*
Firm ID: 49001